UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| Sam Maralan, | Case No. 2:21-cv-02220-CDS-VCF |
|---|---|
| Plaintiff | |
| v. | **Order Regarding Motion to Amend (ECF No. 27) and Third Stipulation to Extend (ECF No. 30)** |
| Nevada Property 1, LLC, a Nevada Limited Liability Company d/b/a The Cosmopolitan of Las Vegas; Wynn Las Vegas, LLC, d/b/a as XS Nightclub; and DOES 1 through 50 inclusive, | |
| Defendants. | |

Pending before the Court is Plaintiff Sam Maralan's First Motion to Amend the Complaint.[1] ECF No. 27. Defendant Nevada Property 1 filed an opposition to the Motion on May 13, 2022. ECF No. 29. For the reasons set forth in this Order, the motion to amend is DENIED without prejudice and the stipulation is GRANTED as set forth in this Order.

I. **Discussion**

Generally, Rule 15 of the Federal Rules of Civil Procedure advises that the Court should freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). This policy is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir.2001)(quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)). However, District of Nevada Local Rule 15-1(a) states that "[u]nless the court orders otherwise, the moving party **must** attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading. LR 15-1(a) (emphasis added). The proposed amended pleading must be complete in and of itself without reference to the superseded pleading and

---

[1] Defendant Nevada Property correctly notes that the motion is titled as being "ex parte." ECF No. 29 at 2. The motion is not *ex parte* as it was served on all parties. Accordingly, that language will be disregarded. Plaintiff is reminded to comply with the Local Rules governing *ex parte* communications.

must include copies of all exhibits referred to in the proposed amended pleading." *Id.* Plaintiff failed to attach a copy of the proposed amended pleading to his Motion. As a result, this Court cannot consider whether the proposed amendment results from undue delay, is made in bad faith, will cause prejudice to the opposing party, or is a dilatory tactic. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (advising what a district court must evaluate when considering proposed amendments). Consequently, Plaintiff's First Motion for Leave to Amend the Complaint is DENIED without prejudice.

Also pending before the Court is the parties' Third Joint Stipulation (ECF No. 30) which extends Plaintiff's time to response to Defendant Wynn Las Vegas LLC's Motion to Dismiss. ECF No. 21. The stipulation is GRANTED. Plaintiff's opposition to Wynn's Motion to Dismiss shall be due within 10 days of this Order and Wynn's reply is due with 14 days after the filing of Plaintiff's opposition.

II. **Conclusion**

For the reasons set forth in this Order,

IT IS HEREBY ORDERED that Plaintiff's First Motion to Amend the Complaint (ECF No. 27) is DENIED without prejudice.

IT IS FURTHER ORDERED that the Third Stipulation to Extend Time (ECF No. 30) is GRANTED as modified in this Order.

Dated: June 6, 2022

_____
Cristina D. Silva
United States District Judge